GREGORY PAUL KARL
In Pro Per
7202 Plaza de La Costa
Carlsbad, CA  92009
Telephone: (760) 579-3109
Email: gregpkarl@aol.com

[FILED stamp: CLERK, U.S. DISTRICT COURT — SEP 14 2010 — CENTRAL DISTRICT OF CALIFORNIA BY _____ DEPUTY]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>LYNNE MEREDITH, et al.,<br><br>    Defendants. | Case No. CR 02-372-DDP<br><br>EX PARTE APPLICATION FOR ORDER MODIFYING SENTENCE RELATING TO ALLOWABLE RESTITUTION PAYMENTS: |

    Defendant, Gregory Paul Karl, in pro per, hereby applies for an Order modifying the sentence issued on June 9, 2005 to allow payments of Restitution made directly to the Victims (IRS and FTB), <u>inappropriately required</u> by U.S. Probation Officer, Ann Treis, to be credited by the U.S. District Court as though received directly by them pursuant to satisfying the Restitution portion of the sentence. This application is based upon the attached declaration.

Dated: September 11, 2010

cc: P.O.

By: _____
GREGORY PAUL KARL, in pro per

## DECLARATION OF GREGORY PAUL KARL

I, Gregory Paul Karl, hereby declares as follows:

1. I am acting pro per in this matter. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto under oath.

2. I was required by my U.S. Probation Officer, Ann Treis, to write my name on an IRS Installment Agreement which required $1,560.00 direct monthly payments. Further, she required that I continue the minor $200.00 payments to the U.S. District Court. My request that the full amount of $1,760.00 be sent to the U.S. District Court to pay my Restitution first was summarily forbidden and substantial direct Restitution payments were, <u>inappropriately</u>, not allowed by Ms. Treis.

3. I hereby rescind my apparent signature on the IRS Installment Agreement as having no effect in that it was completely coerced by U.S. Probation Officer, Ann Treis.

4. Exhibit A details the payments made directly to the Victims as well as the Clerk, U.S. District Court Fiscal Section. These payments have been verified by the U.S. Probation Office. They <u>exceed</u> by $15,463.61 the Restitution amount required by the Sentencing Order (Exhibit B). My full payments, if I had I been allowed to make them properly and directly to the Clerk, U.S. District Court Fiscal Section as I requested, would have fully satisfied my Restitution requirement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, executed on September 11, 2010, at Carlsbad, California.

*/s/ Gregory P. Karl*
GREGORY PAUL KARL, in pro per

2

## Gregory P. Karl Payments Made Since Sentencing

| Date | Check # | Total | Taft | Federal Court | IRS | 1040 Overpmt | 940 Overpmt | FTB |
|---|---|---|---|---|---|---|---|---|
| 6/26/06 | 56811 | $25.00 | $25.00 | | | | | |
| 9/21/06 | 58488 | 25.00 | 25.00 | | | | | |
| 12/21/06 | 59910 | 25.00 | 25.00 | | | | | |
| 3/22/07 | 61336 | 25.00 | | | | | | |
| 10/29/07 | 7944 | 800.00 | | $800.00 | | | | |
| 11/7/07 | 2141 | 500.00 | | 500.00 | | | | |
| 11/26/07 | 1972 | 200.00 | | 200.00 | | | | |
| 12/18/07 | 1789 | 200.00 | | 200.00 | | | | |
| 1/25/08 | 2499 | 200.00 | | 200.00 | | | | |
| 2/18/08 | Refund | 717.40 | | | | $717.40 | | |
| 2/22/08 | 2673 | 200.00 | | 200.00 | | | | |
| 3/6/08 | Refund | 1,237.00 | | | | | $1,237.00 | |
| 3/31/08 | 3043 | 655.00 | | 655.00 | | | | |
| 4/15/08 | 1555 | 1,560.00 | | | $1,560.00 | | | |
| 4/22/08 | 3068 | 200.00 | | 200.00 | | | | |
| 5/15/08 | 1562 | 1,560.00 | | | 1,560.00 | | | |
| 5/15/08 | 1563 | 25.00 | | | | | | $25.00 |
| 6/15/08 | 1562 | 1,560.00 | | | 1,560.00 | | | |
| 6/15/08 | 1571 | 25.00 | | | | | | 25.00 |
| 6/16/08 | 9260 | 600.00 | | | | 600.00 | | |
| 7/17/08 | Stimulus | 600.00 | | | | 600.00 | | |
| 7/10/08 | 3556 | 200.00 | | 200.00 | | | | |
| 7/10/08 | 3557 | 200.00 | | 200.00 | | | | |
| 7/15/08 | 1578 | 1,560.00 | | | 1,560.00 | | | |
| 7/15/08 | 1579 | 25.00 | | | | | | 25.00 |
| 8/15/08 | 3692 | 200.00 | | 200.00 | | | | |
| 8/15/08 | 1586 | 1,560.00 | | | 1,560.00 | | | |
| 8/15/08 | 1587 | 25.00 | | | | | | 25.00 |
| 9/15/08 | 1596 | 1,560.00 | | | 1,560.00 | | | |
| 9/15/08 | 1597 | 25.00 | | | | | | 25.00 |
| 9/18/08 | 9529 | 200.00 | | 200.00 | | | | |
| 10/15/08 | 1603 | 1,560.00 | | | 1,560.00 | | | |
| 10/21/08 | 5561 | 200.00 | | 200.00 | | | | |
| 11/15/08 | 1609 | 1,560.00 | | | 1,560.00 | | | |
| 11/20/08 | 0352 | 200.00 | | 200.00 | | | | |
| 12/15/08 | 1617 | 1,560.00 | | | 1,560.00 | | | |
| 12/22/08 | 6591 | 200.00 | | 200.00 | | | | |
| 1/15/09 | 1623 | 1,560.00 | | | 1,560.00 | | | |
| 1/16/09 | 4400 | 200.00 | | 200.00 | | | | |
| 2/15/09 | 1628 | 1,560.00 | | | 1,560.00 | | | |
| 2/23/09 | 4707 | 200.00 | | 200.00 | | | | |
| 2/25/09 | Refund | 37.00 | | | | | | 37.00 |

EXHIBIT A
PAGE 1 OF 2

Gregory P. Karl Payments Made Since Sentencing

| Date | Check # | Total | Taft | Federal Court | IRS | 1040 Overpmt | 940 Overpmt | FTB |
|---|---|---|---|---|---|---|---|---|
| 3/15/09 | 1635 | 1,560.00 | | | 1,560.00 | | | |
| 3/19/09 | 4895 | 200.00 | | 200.00 | | | | |
| 4/15/09 | 1642 | 1,560.00 | | | 1,560.00 | | | |
| 4/20/09 | 5248 | 200.00 | | 200.00 | | | | |
| 5/15/09 | 1648 | 1,560.00 | | | 1,560.00 | | | |
| 5/21/09 | 5850 | 200.00 | | 200.00 | | | | |
| 6/17/09 | 424196161 | 1,205.77 | | | | | | 1,205.77 |
| 6/22/09 | Levy | 200.00 | | 200.00 | | | | |
| 7/15/09 | Cashiers | 1,560.00 | | | 1,560.00 | | | |
| 7/16/09 | 6550 | 200.00 | | 200.00 | | | | |
| 8/15/09 | Cashiers | 1,560.00 | | | 1,560.00 | | | |
| 8/20/09 | 6840 | 200.00 | | 200.00 | | | | |
| 9/8/09 | 1815 | 1,560.00 | | | 1,560.00 | | | |
| 9/15/09 | 9262 | 200.00 | | 200.00 | | | | |
| 10/15/09 | 1823 | 1,560.00 | | | 1,560.00 | | | |
| 10/19/09 | 7184 | 200.00 | | 200.00 | | | | |
| 11/15/09 | 1831 | 410.00 | | | 410.00 | | | |
| 11/17/09 | 7417 | 200.00 | | 200.00 | | | | |
| 12/15/09 | 1838 | 410.00 | | | 410.00 | | | |
| 12/17/09 | 7811 | 200.00 | | 200.00 | | | | |
| 1/15/10 | 9899 | 200.00 | | 200.00 | | | | |
| 1/15/10 | 1847 | 410.00 | | | 410.00 | | | |
| 2/15/10 | 1855 | 410.00 | | | 410.00 | | | |
| 2/17/10 | 179 | 200.00 | | 200.00 | | | | |
| 2/26/10 | L02251000168 9 | 33.96 | | | | | | 33.96 |
| 3/4/10 | 428520341 | 200.00 | | 200.00 | | | | |
| 3/26/10 | L03261000127 2 | 30.10 | | | 30.10 | | | |
| 4/15/10 | PMO#176615553 14 | 200.00 | | 200.00 | | | | |
| 5/19/10 | PMO#176615577 77 | 200.00 | | 200.00 | | | | |
| Total paid since Court Order | | $41,761.23 | $100.00 | $7,955.00 | $29,750.10 | $1,317.40 | $1,274.00 | $1,364.73 |
| Court ordered amount | | 26,297.62 | | | | | | |
| Payments not credited | | $15,463.61 | | | | | | |

Note: All direct payments to IRS and FTB have been verified by the U.S. Probation Office.

EXHIBIT A
PAGE 2 OF 2

United States District Court
Central District of California

*ENTERED CLERK, U.S. DISTRICT JUN 13 2005 CENTRAL DISTRICT OF CALIFORNIA BY DEPUTY*

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

SCANNED

| UNITED STATES OF AMERICA vs. | Docket No. | CR 02-00372 DDP |
|---|---|---|
| Defendant **GREGORY PAUL KARL** | Social Security No. (Last 4 digits) | 1 5 3 9 |
| akas: none | | 82585-198 |

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this

| MONTH | DAY | YEAR |
|---|---|---|
| 06 | 06 | 2005 |

**COUNSEL** [X] WITH COUNSEL   Kenly Kiya Kato, Panel
(Name of Counsel)

**PLEA** [ ] GUILTY, and the court being satisfied that there is a factual basis for the plea.   [ ] NOLO CONTENDERE   [X] NOT GUILTY

**FINDING** There being a finding/verdict of [X] GUILTY, defendant has been convicted as charged of the offense(s) of: 18 U.S.C. § 371: Conspiracy (Count 1); 18 U.S.C. § 1341, 2: Mail Fraud (Counts 2, 3, 5, 8) as charged in the Indictment.

**JUDGMENT AND PROB/ COMM ORDER**

The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: The defendant, Gregory Paul Karl, is hereby committed on Counts 1, 2, 3, 5, and 8 of the Indictment to the custody of the Bureau of Prisons to be imprisoned for a term of 20 months. This term consists of 20 months on each of Counts 1, 2, 3, 5, and 8, to be served concurrently.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years. This term consists of 3 years on Counts 1, 2, 3, 5, and 8 of the Indictment, all such terms to run concurrently, under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318;

2. During the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment;

Case 2:02-cr-00372-DDP   Document 788   Filed 09/14/10   Page 6 of 11   Page ID #:501

| USA vs. GREGORY PAUL KARL | Docket No.: CR 02-00372 DDP |
|---|---|

3. The defendant shall truthfully and timely file and pay taxes owed for the years of conviction; and shall truthfully and timely file and pay taxes during the period of community supervision. Further, the defendant shall show proof to the Probation Officer of compliance with this order;

4. The defendant shall not obtain, use, or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name, without the prior written approval of the Probation Officer; nor shall the defendant use, for any purpose or in any manner, any name other than his true legal name;

5. The defendant shall cooperate in the collection of a DNA sample from the defendant.

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

RESTITUTION: It is ordered that the defendant shall pay restitution in the total amount of $25,797.62, pursuant to 18 U.S.C. § 3663A.

The amount of restitution ordered shall be paid as follows:

| Victim | Amount |
|---|---|
| Internal Revenue Service<br>24000 Avila Road<br>Mail Stop 5905<br>Laguna Niguel, CA 92677<br>ATTN: Tracy Brown SB/SE | $17,609.30 |
| California Franchise Tax Board<br>P.O. Box 942867<br>Sacramento, CA 94267 | $ 8,188.32 |

Nominal monthly payments of at least $200 shall be made during the period of supervised release. These payments shall begin 30 days after the commencement of supervision. Nominal restitution payments are ordered as the court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

Any amounts paid as restitution pursuant to this Judgment and Probation Commitment Order shall be credited towards any amount owed by defendant pursuant to any other tax collection proceeding.

USA vs. __GREGORY PAUL KARL__     Docket No.: __CR 02-00372 DDP__

FINE: Pursuant to Section 5E1.2 (e) of the Guidelines, all fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to restitution.

SPECIAL ASSESSMENT: It is further ordered defendant shall pay to the United States a special assessment fee of $500, which is due immediately to the Clerk of the Court.

SENTENCING FACTORS: The sentence is based upon the factors set forth in 18 U.S.C. § 3553, including the applicable sentencing range set forth in the guidelines.

The Court RECOMMENDS a BOP facility as close to the southern California vicinity as possible.

IT IS ORDERED that the defendant shall comply with General Order 01-05.

IT IS ORDERED that the defendant shall self-surrender to the institution designated by the BOP on or before 12 noon, on September 6, 2005 and, on the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal at 255 East Temple Street, Los Angeles, California, 90012.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

June 9, 2005
Date

U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Sherri R. Carter, Clerk

June 9, 2005
Filed Date

By
Deputy Clerk

USA vs. GREGORY PAUL KARL     Docket No.: CR 02-00372 DDP

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

☐ The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
   Private victims (individual and corporate),
   Providers of compensation to private victims,
   The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

USA vs. __GREGORY PAUL KARL__                             Docket No.: __CR 02-00372 DDP__

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

_____         _____
Date                   Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court
By

| USA vs. GREGORY PAUL KARL | Docket No.: CR 02-00372 DDP |
|---|---|

_____     _____
Filed Date                 Deputy Clerk

---

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
            Defendant                Date


_____     _____
U. S. Probation Officer/Designated Witness     Date


Upon a finding of a violation of probation or supervised release, I understand that the court may revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision

These conditions have been read to me, I fully understand the conditions and have been provided a copy of them.

(Signed) _[signature]_  Date 6-25-07
         Defendant

_[signature]_ Date 6-25-07
U.S. Probation Officer/Designated Witness

# [PROPOSED] ORDER

GOOD CAUSE HAVING BEEN SHOWN, IT IS HEREBY ORDERED that the Restitution of Gregory Paul Karl's sentence shall be modified as follows:

1. Mr. Karl shall be given credit as Restitution, any Payments made, in any manner whatsoever, directly to the Victims, either Internal Revenue Service or the California Franchise Tax Board.

2. Mr. Karl shall notify the Clerk, U.S. District Court Fiscal Section, of any Payments made directly to the Victims and proper credit shall be recorded until full Restitution is made.

3. Mr. Karl has produced sufficient verified support for such payments, made either directly to the Clerk, U.S. District Court Fiscal Section or directly to the Victims, Restitution is hereby deemed fully satisfied.

4. All other terms and conditions of Mr. Karl's sentence shall remain the same.

IT IS SO ORDERED.

Dated:  October 18, 2010

_____
HON. DEAN D. PREGERSON
United States District Judge