ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
ALKA SAGAR
Assistant United States Attorney
Deputy Chief, Major Frauds Section
California Bar Number:   #115860
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6223
     Facsimile: (213) 894-6269
     E-Mail: alka.sagar@usdoj.gov

Attorney for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No.  02-372-DDP |
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT'S APPLICATION FOR ORDER MODIFYING SENTENCE RE RESTITUTION PAYMENTS; DECLARATION OF C. FOX |
| v. | |
| GREGORY PAUL KARL, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorney Alka Sagar, files its response to defendant Gregory Paul Karl's application for an order modifying sentence relating to restitution payments. The government's response is based on the attached memorandum of points and authorities, the declaration of C. Fox, the files and records in this case and any evidence presented at any hearing on

//

defendant's application.

Dated: November 16, 2010.

                            Respectfully submitted,

                            ANDRÉ BIROTTE JR.
                            United States Attorney

                            ROBERT E. DUGDALE
                            Assistant United States Attorney
                            Chief, Criminal Division

                            /s/
                            _____
                            ALKA SAGAR
                            Assistant United States Attorney
                            Deputy Chief, Major Frauds Section

                                Attorneys for the
                                United States of America

MEMORANDUM OF POINTS AND AUTHORITIES

I.  Introduction

On June 6, 2005, defendant Gregory Paul Karl ("defendant") was sentenced to a twenty-month term of imprisonment followed by three years of supervised release and ordered to pay restitution in the amount of $25,797.62 and a $500 special assessment.  The sentence followed defendant's conviction, following trial, for conspiracy to defraud the Internal Revenue Service ("IRS"), in violation of 18 U.S.C. § 371, and four counts of mail fraud, in violation of 18 U.S.C. § 1341.  According to the Judgment and Commitment Order, the $25,797.62 restitution payment consisted of a $17,609.30 payment to the IRS and a $8,188.32 payment to the California Franchise Tax Board.  Defendant was ordered to make nominal monthly payments of $200, beginning thirty days after the commencement of supervised release, towards his restitution obligation.[1]

Following sentencing, defendant made nominal monthly restitution payments to the district court from June 2006 to May 2010, totaling $7,955.[2]  In addition, defendant made monthly payments of $1,560 or $410 to the IRS pursuant to a separate installment agreement, from April 2008 to February 2010, totaling $28,055.  (Declaration of C. Fox "Fox Decl." ¶¶ 6-7). The installment agreement signed by defendant required defendant to make monthly payments towards his personal tax liability for the years 1996, 1997 and 1998 and a penalty assessment for the

---

[1] See Judgment and Commitment Order, filed with defendant's application for modification of restitution payment.

[2] See Defendant's application, Exhibit A.

year 2005. After making the agreed-upon monthly payments for approximately two years, defendant ceased making payments and the installment agreement was terminated. (Fox Decl., ¶¶ 6-8).

On September 14, 2010, defendant filed an application for an order modifying the restitution payment provisions of his sentence. (Docket No. 788). Specifically, defendant requests the court to re-allocate payments made by him pursuant to an Installment Agreement with the IRS towards his restitution obligation so that he can be deemed to have satisfied his restitution obligation. For the reasons set forth below, the government opposes defendant's request.

II.   Defendant's Payments To The IRS Should Not Be Credited Towards His Restitution Obligation

As set forth in the attached declaration of IRS Revenue Officer C. Fox, defendant signed an installment agreement ("IA") with the IRS in order to pay taxes (including accrued interest and penalties) that he owed for the years 1996, 1997 and 1998 as well as a penalty assessment for the year 2005. The IRS did not assess the total amount of tax due by defendant until at least February 2006, well after the date of defendant's sentencing in the instant case. The IA was signed by defendant in March 2008. (Fox Decl. ¶¶ 4-6). Accordingly, the tax liability that defendant was paying pursuant to the IA was separate from, and in addition to, the amount of restitution defendant was ordered to pay pursuant to this court's judgment and commitment order, dated June 6, 2005. The IA specifically provided that the payments made by Karl would not be credited towards his restitution obligation and factored defendant's restitution obligation in determining the amount of his monthly payment

4

under the IA.  (Fox Decl. ¶ 6).

Defendant made payments to the IRS, pursuant to the IA, from April 2008 to February 2010.  In January 2010, the IA was terminated because defendant had failed to comply with the agreed payment schedule.  (Fox Decl. ¶ 8).  Defendant still owes taxes (and accrued interest and penalties) for the years 1997 and 1998 as well as the penalty assessed for the year 2005.  (Fox Decl. ¶ 9).  Defendant's payments to the IRS pursuant to the IA should not be re-allocated towards his restitution obligation.

To date, defendant's restitution payments to the district court total approximately $7,955,[3] an amount that is approximately one-third of the $25,797 defendant was ordered to pay.  Although these payments have not yet been remitted to the IRS by the district court, the IRS will credit these payments to defendant's outstanding tax liability when the payments are received.

III. Conclusion

For the reasons set forth above, the court should deny defendant's request to have payments made by him to the IRS, pursuant to an Installment Agreement, re-allocated towards his restitution obligation.

---

[3]     See Defendant's application, Exhibit A.