O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CR 02-00372 DDP |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING PLAINTIFF GREGORY PAUL KARL'S EX PARTE APPLICATION FOR ORDER MODIFYING SENTENCE RELATING TO ALLOWABLE RESTITUTION PAYMENTS** |
| v. | ) | |
| | ) | |
| LYNNE MEREDITH, et al., | ) | |
| | ) | |
| Defendants. | ) | [Ex parte Application filed on 9/14/2010] |
| _____ | ) | |

Presently before the court is defendant Gregory Paul Karl's ("Defendant") ex parte application for Order Modifying Sentence Relating to Allowable Restitution Payments. Defendant requests that the court re-allocate payments made by him pursuant to an Installment Agreement with the IRS towards his restitution obligation so that he may satisfy the restitution obligation. The government opposes Defendant's application.

**I. Background**

On June 9, 2005, Defendant was sentenced to prison and ordered to pay restitution in the total amount of $25,797.62. (Def.'s App., Ex. B.) As set forth in the Judgment and Commitment Order, the total restitution payment consisted of a $17,609.30 payment to the

Internal Revenue Service ("IRS") and a $8,188.32 payment to the California Franchise Tax Board. (Id.)  Following sentencing, Defendant made regular monthly restitution payments to the district court.  (Id.)

In a separate agreement, signed by Defendant in March 2008, Defendant entered and the IRS entered into an Installment Agreement, whereby the Defendant made monthly payments to the IRS to pay owed taxes.  Although neither party was able to produce a copy of the Installment Agreement, both parties agree that such an agreement was entered into, and Defendant made payments to the IRS reflecting such an agreement from April 2008 to February 2010.  In January 2010, Defendant stopped making payments pursuant to the Installment Agreement, despite still owing the IRS taxes for the years 1997 and 1998 as well as the penalty assessed for 2005.  (Fox Decl. ¶ 8.)  Defendant now argues that he has been making duplicate payments and that his payments to the IRS pursuant to the Installment Agreement should be re-allocated towards his restitution obligation.

**II.  Discussion**

A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that such a sentence can subsequently be corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742.  18 U.S.C. § 3664.  Rule 35 provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  Here, years have elapsed since Defendant's original sentence, and any relief Defendant seeks under Rule 35 is time-barred.

> Pursuant to 18 U.S.C. § 3742:
>
> a defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence (1) was imposed in violation of law;(2) was imposed as a result of an incorrect application of the sentencing guidelines; or (3) is greater than the sentence specified in the applicable guideline range . . . ; or(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

Here, however, Defendant does not argue that any of the above situations applies in his case. This is because Defendant does not challenge this court's final sentence or order of restitution. Rather, Defendant argues that he was "coerced to cooperate" by the IRS to sign the Installment Agreement, and he seeks to revoke his signature on the IRS Installment Agreement. (Def.'s Dec. ¶¶ 1, 2.) An <u>ex</u> <u>parte</u> application seeking modification of this court's order is not the proper means by which to attack a separate an entirely separate agreement entered into by the Defendant and the IRS following Defendant's sentence. The Installment Agreement, an agreement independent from this court's final order in this case, is not presently before the court, and the court lacks jurisdiction to consider it.

Finally, Defendant notes that in its June 9, 2005 order, the court stated that "[a]ny amounts paid as restitution pursuant to this Judgment and Probation Commitment Order shall be credited towards any amount owed by defendant pursuant to any other tax collection proceedings." (Def.'s Reply 4:13-16.) The government, however, is in clear agreement that "the IRS will credit [restitution payments made by Defendant to the District Court] to defendant's outstanding tax liability," and Defendant has not

3

argued that the government is in violation of this court's June 9, 2005 order.

**III. Conclusion**

For the foregoing reasons, Defendant's <u>ex parte</u> application for Order Modifying Sentence Relating to Allowable Restitution Payments is DENIED.

IT IS SO ORDERED.

Dated: March 3, 2011

DEAN D. PREGERSON
United States District Judge